**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LEROY REAVES,

     Plaintiff,

v.                                                          Case No. 3:26-cv-355-TJC-MCR

HOMER DELOACH, *in his official
capacity as Putnam County Sheriff,*

     Defendant.

---

**O R D E R**

Even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). On February 18, 2026, Defendant Homer Deloach removed this case from the Seventh Judicial Circuit Court for Putnam County, Florida to federal court, based on federal question and supplemental jurisdiction. (Doc. 1). At that point, the Court was satisfied it had jurisdiction over the case.

However, Plaintiff Leroy Reaves then twice moved for an extension of time to amend his complaint filed in state court, and both motions were granted. (Docs. 8, 13). On April 1, 2026, Reaves filed his Amended Complaint, withdrawing his constitutional claim, which formed the basis for this Court's subject matter jurisdiction. (Compare doc. 4 with doc. 14; see also doc. 1, Notice of Removal, at 3). Reaves's Amended Complaint contains five counts, with each

count alleging a variation of negligence. (Doc. 14).

In 2025, the Supreme Court held that when a defendant removes based on federal question jurisdiction, but the plaintiff later withdraws the federal claim, leaving only state law claims, the Court must remand the case to state court. See Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 30 (2025) ("If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims. That conclusion fits the text of § 1367, governing supplemental jurisdiction."). This decision abrogated earlier Eleventh Circuit precedent permitting federal courts to retain jurisdiction after the original basis for federal jurisdiction was eliminated. See, e.g., Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.").

Therefore, in line with Royal Canin, because Reaves withdrew his constitutional claims, leaving only state law negligence claims, the Court no longer has subject matter jurisdiction over the case. Accordingly, it is hereby

**ORDERED:**

2

1. This case is **REMANDED** to the Seventh Judicial Circuit Court for Putnam County, Florida.

2. After remand has been affected, the Clerk shall terminate the pending motions and deadlines and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, the 13th day of April, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

hms
Copies:

Seventh Judicial Circuit Court for Putnam County, Florida
Counsel of record

3